**UNITED STATES OF AMERICA**
**NATIONAL CREDIT UNION ADMINISTRATION**
**ALEXANDRIA, VA 22314**

| | |
|---|---|
| *In the Matter of Jackson Area Federal Credit Union, Charter No 8445, Jackson Mississippi* | Case No. 26-0023-SR |

## <u>DECLARATION OF ETHAN MEYER</u>

I, Ethan Meyer, declare pursuant to 28 U.S.C. § 1746 the following to be a true and correct:

1.      I am a Problem Case Offer at the National Credit Union Administration ("NCUA"), headquartered at 1775 Duke Street, Alexandria, Virginia 22314. The NCUA is an executive branch federal agency statutorily responsible for regulating, supervising, and insuring the accounts of credit unions, which are financial institutions analogous to banks. As part of implementing its statutory duties, the NCUA examines credit unions to evaluate their compliance with law and regulation.

2.      The NCUA is managed by its Board of Directors ("NCUAB"). The NCUAB may issue an order of conservatorship and take possession and control of the business and assets of an insured credit union if it finds such action is necessary to conserve its assets of the credit union, protect the National Credit Union Share Insurance Fund ("NCUSIF"), or protect the interests of the members of the credit union.

3.      As part of my duties as Problem Case Officer, I request and review documents provided by credit union staff and their various vendors, including a credit union's bank account information. As part of my review of a credit union's documents, I evaluate the documents to determine their authenticity when fraud is suspected, I review financial performance of credit unions, and I assess a credit union's risk to the NCUSIF.

4.      The statement below is based on my personal knowledge, information from NCUA's books and records, information from Jackson Area Federal Credit Union's ("JAFCU") books and records, consultation with my staff, and my own review of those records. The NCUA records reviewed in preparing this declaration were all kept in the ordinary course of NCUA business. Those records were made at or near the time of the information recorded by NCUA personnel with knowledge of the information, and it is the regular practice of NCUA to make such records. The JAFCU books and records reviewed in preparing this declaration were all kept in the ordinary course of JAFCU's business. Those records were made at or near the time of the information recorded by JAFCU personnel with knowledge of the information, and it is the regular practice of JAFCU to make such records.

5.      JAFCU is a federally charted and insured credit union located in Jackson Mississippi. Between 2021 to April 17, 2026, JAFCU's CEO and President was Leigh Bridges. Upon information and belief, I know Leigh Bridges was employed by JAFCU for approximately thirty (30) years. Prior to becoming CEO, Leigh Bridges was employed as Chief Financial Officer for some time. Payroll reports apparently issued by JAFCU to Leigh Bridges' indicates that her annual salary was $216,564.70 in 2025.

6.      On May 6, 2026, the NCUAB issued an order placing JAFCU into conservatorship and naming itself as agent of the conservator. Upon issuance of the order, NCUAB took possession and control of JAFCU's business and its books and records.

7.      The above order was issued after the NCUA was notified by JAFCU's corporate credit union, Corporate America Credit Union ("CACU"), of anomalous transactions initiated by Leigh Bridges. NCUA staff performed an onsite review of JAFCU's books and records, including the CACU reconciliation last completed by Leigh Bridges for September 30, 2025, and compared

2

these records with records provided directly to NCUA from CACU. NCUA staff determined that JAFCU submitted falsified corporate statements from CACU, which included fictitious transaction entries, to NCUA examiners. Upon information and belief, I know that Leigh Bridges as CEO of JAFCU submitted the above falsified corporate statements to NCUA examiners.

8.    Based on this initial estimate, I believe that the above altered CACU statements overstated JAFCU's cash and investments by at least $95,792,530. NCUA staff arrived at this estimate by comparing the above-mentioned altered September 30, 2025 CACU statement to the statement provided directly from CACU. The fictious statement contained three "ACH CR Advise Receiver"[1] transactions that are not reflected in the statements directly from CACU, with the total discrepancy between the two records equaling $95,792,530. NCUA staff further compared JAFCU's stated financial condition on its March 31, 2026 general ledger trial balance[2] with the same above statements provided directly from CACU. On March 31, 2026, JAFCU's trial balance reported $112,475,510 in cash and investments with CACU, but the above CACU's statements for JAFCU showed only $2,958,933 in cash and investments. Though the NCUA continues to investigate to determine the extent of Leigh Bridges' fraud, I've personally reviewed the above records and calculations and believe them to be accurate.

9.    As a result of the shortfall of cash and investments mentioned above, the NCUAB granted a guaranteed line of credit from the NCUSIF to JAFCU in the amount of $110,000,000. Should JAFCU be unable to pay its liabilities, the NCUSIF is obligated to repay the funds issued pursuant to this guarantee.

---

[1] "ACH CR Advise Receiver" means future dates deposit transactions through the Automated Clearing House.
[2] "Trial Balance" is an internal accounting report that lists all ending balances all general ledger accounts at a specific point in time.

3

10.    I reviewed the account information of Leigh Bridges and Chad Bridges, who I know to be Leigh Bridges' husband. I provided both account activity records the NCUA's investigation team. Leigh and Chad Bridges' account activity is contained within three (3) spreadsheets showing transaction activity from 2015 through May 2026. These spreadsheets are true and accurate copies of the information contained in JAFCU's books and records.

11.    The NCUAB's initial analysis of JAFCU records show that fake deposit entries were entered in the share accounts of Leigh and Chad Bridges. The fake deposits appear to have been manually entered under the transaction code "SDIT," which signifies a share deposit to member shares, and contain a description with the preface "EFT," which stands for electronic funds transfer. Those entries were false in that no funds were being transferred from an external source, but rather the funds were being transferred from the general ledger of JAFCU to the share accounts of Leigh and Chad Bridges.

12.    In the year 2024, NCUA examiners spoke with Leigh Bridges concerning the high volume of funds going through her JAFCU share accounts. After the conversation with NCUA examiners, Leigh Bridges closed her share account with JAFCU.

13.    The NCUAB as conservator for JAFCU engaged forensic auditor GBQ Partners to investigate and determine the extent of JAFCU's losses as a result of Leigh Bridges' misconduct.

14.    On May 4, 2026 and May 6, 2026, I observed that several boxes were delivered to JAFCU. The boxes bore a shipping label with the intended delivery to the name "Leigh Bridges" at CU Address. Upon information and belief, I understand that these boxes were intended to be delivered to Leigh Bridges at JAFCU's place of business. I observed the contents of the above boxes, some items the following businesses: (1) Bottega Veneta; (2) Chloe; (3) Dior; and (4) Tiffany & Co. Upon information and belief, I know these items to be luxury goods brands.

4

15.    Between April 27, 2026 and May 1, 2026, I also observed several items inside Leigh Bridges' office. These items included the following. (1) several certificates from Gem Institute of America and an appraisal of diamond earrings by Witherspoon & Pratt Diamonds and Fine Jewelry. (2) I observed a Chloe Leather Bag, which I know to be a luxury goods brand. (3) I observed a Chanel wallet, which I know to be a luxury goods brand. (4) I observed several empty Bottega Veneta boxes and jewelry bags, which I know to be a luxury goods brand.

16.    As of the date of signing this declaration, I observed shipments of luxury goods addressed to Leigh Bridges continuing to arrive at JAFCU's main office twice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2026.

ETHAN MEYER
Digitally signed by ETHAN MEYER
Date: 2026.05.12 15:42:05 -05'00'

Ethan Meyer
Problem Case Officer
National Credit Union Administration

5