UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION
--------------------------------------------------------------------------X

IN RE: NATIONAL CREDIT UNION ADMINISTRATION
BOARD, in its capacity as conservator of
Jackson Area Federal Credit Union,                          *FILED UNDER SEAL*

                            Plaintiff,                    Matter No.:

--------------------------------------------------------------------------X

## CERTIFICATION OF COUNSEL

I, Alysson Mills, counsel for Plaintiff, The National Credit Union Administration Board ("NCUAB"), acting in its capacity as conservator of Jackson Area Federal Credit Union ("JAFCU"), certify as follows:

1.    The NCUAB, in accordance with Rule 65 of the Federal Rules of Civil Procedure and 12 U.S.C. §§ 1787(b)(2)(G), (H), moves this Court for a temporary restraining order ("TRO") against Defendants Leigh and Chad Bridges (collectively "Defendants") and for a preliminary attachment of Defendants' accounts and assets.

2.    The NCUAB is specifically requesting a TRO enjoining Defendants from transferring any of their property or the funds within their accounts, and for a preliminary attachment of assets within the jurisdiction of this Court.

3.    As shown in the memorandum and accompanying materials in support of the motion for TRO, Leigh Bridges has admitted to having millions of dollars in personal accounts and she likely possesses highly-mobile, highly-valuable items such as jewelry and handbags.

4.    Most of the funds and assets are likely subject to a constructive trust.

5.    Given the ease of transferring funds from financial accounts, there is a realistic likelihood of dissipation.

6.    Issuing the TRO and preliminary attachment order without immediate notice will permit the NCUAB to serve a copy of the order on the financial institutions where Defendants

have or may have financial accounts and permit the NCUAB to get assurances that they will not transfer funds.

7.    Issuance of a TRO without notice is also important to avoid significant harm through the transfer or dissipation of property.  Until the NCUAB can inventory the property possessed by Leigh and Chad Bridges, neither it nor the Court can know whether property has been dissipated in violation of the Court's order.  Given that Leigh Bridges is believed to have spent millions of dollars on luxury items, the NCUAB believes that there are many valuable items of which it is unaware.  For those reasons, the NCUAB intends to file a motion seeking permission to inventory and/or take into custody the personal property of Leigh and Chad Bridges.  Issuance of a TRO without notice will permit the NCUAB time to prepare and file that motion.

8.    Issuance of a TRO without notice will also permit the NCUAB to prepare for filing *lis pendens* to protect its interest in the real property owned by Leigh and Chad Bridges.

9.    Lastly, issuance of a TRO without notice will allow NCUAB to investigate additional assets and accounts of Leigh and Chad Bridges.  The NCUAB is continuously learning new information concerning their accounts and assets.  Additional time will be helpful in that regard.

DATED:  May 14, 2026

*Alysson Mills*

Alysson Mills

Alysson Mills, Mississippi Bar No. 102861

650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
t/f: 504-586-5253
alysson@alyssonmills.com

*Counsel for Plaintiff*
NATIONAL CREDIT UNION ADMINISTRATION BOARD,
acting in its capacity as conservator of
JACKSON AREA FEDERAL CREDIT UNION