UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION
------------------------------------------------------------------------X

NATIONAL CREDIT UNION ADMINISTRATION
BOARD, in its capacity as conservator of
Jackson Area Federal Credit Union,

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 1 4 2026

ARTHUR JOHNSTON
BY                    DEPUTY

                    Plaintiff,                          Civil Action No.: 3:26CV-343-DPS-APM

                         v.

LEIGH BRIDGES and CHAD BRIDGES,

                    Defendants.

------------------------------------------------------------------------X

## ~~[PROPOSED]~~ ORDER OF TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY ATTACHMENT OF ACCOUNTS AND ASSETS

Upon the motion of Plaintiff, the National Credit Union Administration Board

("NCUAB"), acting in its capacity as conservator of Jackson Area Federal Credit Union

("JAFCU"), for a temporary restraining order against Defendants Leigh and Chad Bridges

(collectively "Defendants") and for a preliminary attachment of Defendants' accounts and assets,

this Court, having reviewed the NCUAB's memoranda of law and the declarations submitted in

support of such motion, makes the following findings:

(a) The requirements of the traditional four-factor injunction standard, as modified by

12 U.S.C. §§ 1787(b)(2)(G), (H), have been met;

(b) to the extent required by 12 U.S.C. §§ 1787(b)(2)(H)(i), the NCUAB has shown harm

in that without a temporary restraining order and preliminary attachment of assets the NCUAB's

ability to collect on a judgment in this lawsuit and the likely constructive trust in favor of

1

NCUAB will likely be compromised, and such an order is necessary to mitigate the realistic possibility of the transfer and/or dissipation of funds and assets;

(c) the requirements of Fed. R. Civ. P. 65(b)(1) for issuance of a temporary restraining order without notice have been met in that the NCUAB has established the realistic possibility of the transfer and/or dissipation of funds and assets, particularly of funds held in financial accounts, in the event that notice to Defendants is not postponed until the financial institutions where they are known to have accounts are served with a copy of this Order; and

(d) the NCUAB is a United States agency within the meaning of Fed. R. Civ. P. 65(c).

Accordingly, NCUAB's motion is **granted**, and this Court orders as follows:

1. The NCUAB's motion may be filed under seal. This action will remain sealed until NCUAB files proof of service of the summons, complaint, and this Order on both Defendants. Upon completion of the foregoing, the NCUAB may request that the Clerk of the Court unseal this case without further direction from this Court.

2. All financial accounts of any kind of Defendants are hereby frozen. Accordingly, upon being personally served in the manner set forth in paragraph 1 or receiving actual notice of this Order, Defendants are restrained and enjoined from transferring or disposing of any funds in any financial account possessed, owned by, titled to, or controlled by them, or otherwise in their custody in any manner.

3. Furthermore, all financial accounts of Defendants are subject to a preliminary attachment, such that, upon this Court finding that an individual or entity with actual notice of this Order knowingly, recklessly, or with gross negligence, facilitated the transfer of funds from such account, such individual or entity will be liable to the NCUAB in an amount equal to the

amount of such funds in the event that the funds cannot be recovered through reasonable efforts of the NCUAB.

4.   The financial accounts subject to paragraphs 2 and 3 of this Order include, but are not limited to, Leigh Bridges' and/or Chad Bridges' accounts with Raymond James Financial, The RealReal, Copiah Bank, JP Morgan Chase Bank, Acorns Investing, American Express Bank, Coinbase Global, Inc., First National Bank of Omaha, ReBag, What Goes Around Comes Around – New York City, CashApp, Kansas City Life Insurance, and JAFCU.

5.   In addition to the freezing of accounts as discussed in paragraphs 2 through 4 of this Order, upon being personally served in the manner set forth in paragraph 1 or receiving actual notice of this Order, Defendants are restrained and enjoined from transferring or disposing of all other property owned by, titled to, or controlled by them, or otherwise in their custody in any manner.

6.   Furthermore, any and all property of Defendants is subject to a preliminary attachment, such that, upon this Court finding that an individual or entity with actual notice of this Order knowingly, recklessly, or with gross negligence, facilitated the transfer of and/or devaluation of such property, such individual or entity will be liable to the NCUAB in an amount equal to the value of such property in the event that the property or the proceeds therefrom cannot be recovered through reasonable efforts of the NCUAB.

7.   The property subject to paragraphs 5 and 6 of this Order includes, but is not limited to, real property located at (a) 3826 Sleepy Hollow, Jackson, Mississippi, (b) 2085 Great Southern Road, Hazlehurst, Mississippi, (c) 257 Eastbrook Street, Jackson, Mississippi, and (d) 29500 Perdido Beach Boulevard, Apartment 702, Orange Beach, Alabama, and all fixtures, furnishings, and chattels therein.  Such property also includes, but is not limited to, automobiles

3

including a 2026 Tesla Model Y, a 2021 Mercedes-Benz GLA 250, a 2020 Mercedes-Benz G 550, and a 2023 Tesla Model Y. Such property further includes, but is not limited to, all artwork, jewelry, handbags, clothing, and/or cash-value life insurance policies.

8. Upon being personally served in the manner set forth in paragraph 1 and/or receiving actual notice of this Order, Defendants are restrained and enjoined from taking any action that would cause the decrease in value of, or the amount of equity in, any of their property, which includes but is not limited to the acts of encumbering, mortgaging, pledging, impairing, converting, wasting, or otherwise disposing of or dissipating such property.

9. Defendants, upon being personally served in the manner set forth in paragraph 1 or receiving actual notice of this Order, and all other persons in active concert or participation with them who receive actual notice of this Order, are restrained and enjoined from taking any action that would lead to the destruction, erasure, mutilation, concealment, alteration, or transfer of documents and information concerning Defendants' finances, including but not limited to, documents and information concerning funds transferred to their accounts from JAFCU at any time during the last fifteen years.

10. Notwithstanding the preceding paragraphs of this Order, Defendants may continue to operate and may make all ordinary and necessary expenditures for the purposes of operating and preserving any asset or property interest subject to this order without prior approval of the court or the NCUAB, except that total expenditures in a given month may not exceed $2,500 without prior authorization from the NCUAB or this Court. These expenses include the payment of real estate or personal property taxes, condominium fees, mortgages or other debts secured by the real or personal property, bills for utilities necessary to the preservation of real property, and urgent repairs, as such expenses come due. Such expenditures

will be made from Chad Bridges' accounts with JAFCU and will be credited against Chad Bridges' employment salary as such salary is deposited into the accounts. Defendants shall keep a precise accounting of any such expenditures and will produce a copy of such to the NCUAB at the first hearing set by the Court in this case.

11. Notwithstanding the preceding paragraphs of this Order, Defendants are permitted to use up to $750 per week for basic living expenses not contemplated in paragraph 10. Such funds will be issued from Chad Bridges' accounts with JAFCU to Defendants, and will be credited against Chad Bridges' employment salary as such salary is deposited into the accounts. Defendants shall keep a precise accounting of any such expenditures, and will produce a copy of such to the NCUAB at the first hearing set by the Court in this case.

12. In accordance with Fed. R. Civ. P. 65(c), the NCUAB, as an agency of the federal government, is not required to post any bond in connection with this Order granting its request for injunctive relief.

13. This Order will take effect immediately and will expire precisely fourteen days from the date and time of the entry of this Order unless extended or modified by further order of this Court.

14. The NCUAB may apply for extension of this Order for good cause shown, including but not limited to, difficulties in service of process upon either or both Defendants and/or difficulties in providing notice of this Order to a duly authorized person at a financial institution identified in paragraph 4.

**It is so ordered:**

Date and time: _5-14-26_

_____
United States District Judge

5