**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

NATIONAL CREDIT UNION ADMINISTRATION
BOARD, in its capacity as conservator of
Jackson Area Federal Credit Union,                                     PLAINTIFF

VS.                                                   Case Number: 3:26-CV-343-DPJ-RPM

LEIGH BRIDGES, CHAD BRIDGES
and TINA FUNEZ                                                        DEFENDANTS

---

**Amended Memorandum Brief in Support of**
***Defendant Leigh Bridges' Motion for Stay of Civil Action***

---

COMES NOW, Defendant Leigh Bridges, and submits the following memorandum brief in support of her motion for stay of civil action.

## I.    AUTHORITY OF DISTRICT COURT TO GRANT STAY

It is well established that a District Court has the authority to grant a stay of a civil action that is parallel to a criminal proceeding. *Thomas v. City of Benoit, Mississippi,* 2018 WL 5284615, at p.1 (N.D. Miss 2018). "The decision whether… to stay civil litigation in deference to parallel criminal proceedings is discretionary." *Id.* (citing *United States v. Simcho,* 326 Fed. App'x 791,792 (5th Cir. 2009) (internal citations omitted).

It is the burden of the party seeking the stay to overcome the "strongest presumption in favor of discovery" and demonstrate why a stay is warranted. *United States v. Gieger Transfer Serv.,* 174 F.R.D. 382, 385 (S.D. Miss. 1997) (internal citations omitted).

The defendant respectfully requests that this Honorable Court stay the proceedings in this civil action until conclusion of the parallel criminal matter.

## II.     FACTORS TO CONSIDER IN GRANTING A STAY

In *Thomas v. City of Benoit, Mississippi,* 2018 WL 5284615 (N.D. Miss. 2018), this Court set forth the factors to be considered in the granting a stay of a civil action in cases where there is a parallel criminal proceeding:

> District courts consider the following factors to evaluate whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interest of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *U.S. ex rel Magee v. Lockheed Martin Corp.,* No. 1:09CV324-HSO-JMR, 2010 WL 2816658, at *4 (S.D. Miss. July 16, 2010).

*Thomas v. City of Benoit, Mississippi,* 2018 WL 5284615, at p.1 (N.D Miss. 2018)

### A.  *First Factor: Extent of Issue Overlap*

As this Court recognized in *Thomas* "When the issues presented in the civil and criminal proceedings overlap, courts often feel compelled to grant a stay." (citing *Mosing v. Boston,* No. 6:14-CV-02608, 2017 WL 4228699, at *3 (W.D. La. Sept. 22, 2017). "The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." (citing *State Farm Lloyds v. Wood,* No. CIV A H-06-503, 2006 WL 3691115, at *2 (S.D. Tex. Dec. 12, 2006).

Similarly, in *U.S. ex rel. Magee v. Lockheed Martin Corp.,* 2010 WL 2816658 (S.D. Miss. 2010) the Court stated that, "The overlap of issues in parallel criminal and civil proceedings supports a stay." *Magee,* at p.5; *citing, United States ex rel. Gonzalez v. Fresenius Med. Care North America,* 571 F.Supp.2d 758, 762 (W.D. Tex. 2008) See, ECF No. 14, at ¶26.

Here, the facts and issues in the civil action significantly overlap the facts and issues in the criminal proceedings against Defendant Leigh Bridges. In fact, the two cases allege the

same facts and issues. As the Court recognized in *Thomas,* the issues in the civil action and the criminal proceedings, "do not just overlap – they are identical." See *Thomas*, at p. 2. Accordingly, this "most important threshold issue" weighs heavily in support of staying this civil action.

### B.  *Status of the Criminal Case*

The second factor to consider is the status of the criminal case.  In *U.S. ex rel. Magee v. Lockheed Martin Corp.,* 2010 WL 2816658, at p. 5 (S.D. Miss 2010), the United States District Court, Southern District of Mississippi recognized that:

> "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Trs. Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech. Inc. et al,* 886 F.Supp 1134, 1193 (S.D.N.Y. 1995). "[A] defendant's privilege against self-incrimination is a factor favoring a stay only after that defendant has been indicted." *United States ex rel. Shank v. Lewis Enters.,* No. 04-CV-4105-JPG, 2006 U.S. Dist. LEXIS 22065, 2006 WL 1064072 (S.D. Ill. April 2006).

Similarly, this Court recognized that a stay is "most appropriate when a party to the civil action has already been indicted for the same conduct." See *Thomas,* at p. 2. (citing *Modern American Recycling Serv. v. Dunavant,* No. 10-3153, 2010 WL 1357720, at *3 (E.D. La April 19, 2012).

Here, although not indicted as of today, a Bill of Information will be filed against Defendant Leigh Bridges under Title 18 §§ 657 and 1006, and Title 26 § 7206, which stems from the same alleged conduct at issue in this civil action and favors a stay of civil proceedings.

### C.  *Interest of the Plaintiff Versus Prejudice to the Plaintiff Caused by Delay*

The court should next courts look to the plaintiff's private interests, specifically those related proceeding expeditiously, as weighted against any prejudice that the plaintiff might suffer as a result of the delay caused by a stay. However, "courts may insist that the plaintiff

establish more prejudice than simply a delay in his right to expeditiously pursue his claim."
*Thomas,* at p. 3; *quoting, Alcala v. Texas Webb Cty.,* 625 F. Supp.2d 391, 405 (S.D. Tex. 2009).

In *Thomas* and *Magee,* the Courts found that this factor favored against granting a stay. However, in the *Thomas* and *Magee,* the events which gave rise to the parallel civil and criminal proceedings occurred some time prior to the filing of a motion to stay.

In the civil action here, the events which gives rise to the indictment and the civil action occurred a short time ago. Any delay in the civil action pending resolution of the criminal proceeding will not unduly prejudice the government's ability to gather evidence through discovery as to Defendant Leigh Bridges. Any prejudice that the government might suffer due to a stay of the civil action would thus be minimal and would not factor against granting a stay.

**D.  *Interest and Burden of the Defendant***

In addressing the burdens placed on a Defendant when faced with defending both civil and criminal proceedings, the District Court of the Southern District of Texas concisely explained that:

> There are several reasons why a court may wish to exercise its discretion and stay a parallel civil case. One primary goal of a stay, when a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action. *See, SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc), cert. denied, 449 U.S. 993, 101 S. Ct. 529, 66 L.Ed.2d 289 (1980); see also *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995); see also *Heller Healthcare Fin., Inc. v. Boyes,* 2002 WL 1558337, at *3 (N.D. Tex. July 15, 2002). Furthermore, a stay may be justified in order to prevent extending criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), exposing the defense's theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case. *Dresser,* 628 F.2d at 1376; *Plumbers and Pipefitters,* 886 F.Supp. at 1138. The Fifth Circuit has advised that when handling a motion to stay a civil case, a court should be sensitive to the differences between the civil and criminal rules of discovery, noting that "[w]hile the Federal Rules of Civil Procedure have

provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive." *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir. 1962). *Alcala* at 397.

*Alcala v. Texas Webb County,* 625 F.Supp. 2d 391, 413 (S.D. Tex. 2009).

In *Thomas,* this Court recognized that "When faced with related simultaneous civil and criminal proceedings, a defendant is burdened by 'being compelled to choose between invoking his Fifth Amendment rights or jeopardize his defense in the civil suit, where an adverse inference may bed drawn from [his] sentence.'" *Thomas*, at p.3; *quoting,* Gonzalez, 571 F. Supp.2d at 765 (*citing, S.E.C. v. AmeriFirst Funding, Inc.,* No. CIV A 307-CV-1188-D, 2008 WL 866065, at *4 (N.D. Tex. Mar. 17, 2008).

### E.  *Interest of the Court*

It is well established that courts throughout the United States have a strong interest in the efficiency of the judicial system. While this Court has an interest in moving its cases to expeditious conclusion, the granting of a stay of this civil action promotes that interest.

This Court recognized in *Thomas,* that the conviction of a civil defendant as a result of the entry of plea or following of a trial can contribute significantly to the narrowing issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges. *Thomas,* at p. 4; *quoting, In re: World Comp., Inc., S.E.C. Litig.* 2002 WL 31729501, at p. 8 (S.D.N.Y. Dec. 5, 2002).

The Court further observed that the possibility for the Court to rule on selective claims of Fifth Amendment privilege and objections to specific information requests during the discovery process places an additional burden on the Court. *Thomas,* at p. 4 (quoting *Alcala,* 625 F. Supp.2d at 406). Similarly, the Court recognized that the overlap in issues in the two cases will likely be streamlined if the defendant's criminal case is resolved before discovery.

See *Thomas* at p.4. (Weighing these factors, including that staying the case will result in the delay of discovery and the lack of criminal trial date, on balance the *Thomas* Court found the factor of the Court's interest weighed in favor of a stay). *Thomas* at p.4.

As the Court found in *Thomas*, judicial efficiency would be best served by a stay of this civil action until the completion of the criminal proceedings.  At best, this factor weighs in favor of granting a stay, at worse it is neutral.

### F.  *Public Interest*

The public has an interest in concluding disputes expediently. Equally important is the public's interest in maintaining the rights of the Defendant.

In the case of *Walker v. Wilburn,* the Texas District Court observed that, "Granting a stay will delay the proceedings, but it will also protect Officer Wilburn's Fifth Amendment rights in her parallel criminal case. The degree of overlap is an important consideration weighing the public's interest." *Walker v. Wilburn,* 2015, WL 5873392 (N.D. Tex. 2015), at p. 9; *quoting, Alcala v. Texas Webb County,* 625 F.Supp. 2d 391, 413 (S.D. Tex. 2009).

Further, this Court recognized:

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority; which case should be tried first.  Administrative policy gives priority to the public interest in law enforcement.  This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonable prompt determination of his civil claims or liabilities.  *Campbell v. Eastland,* 307 F. 2d 478 (5th Cir. 1962).

*Thomas v. City of Benoit, Mississippi,* 2018 WL 5284615, at p. 4 (N.D. Miss. 2018)

"Thus, the plaintiff's interest in proceeding in the case without delay is 'subservient to law enforcement's prerogative' once an indictment had been issued." *Thomas,* at p. 4; *quoting, Lee v. Ackal,* No. CV 15-00754, 2016 WL 1690319, at *4 (W.D. La. Apr. 25, 2016).

Given the high degree of overlap between the parallel civil and criminal proceeding regarding the Defendant, the prioritized public interest in law enforcement, and the fact that discovery has not been conducted, the interests of the public weighs in favor of a stay in civil action.

## CONCLUSION

The Court has inherent authority to grant a stay in civil proceedings. The six factors to be considered all weigh in Defendant's favor. As demonstrated above, the civil and criminal proceedings have substantial overlap in issues. The Defendant has a significant personal interest in protection of her Fifth Amendment right as well as defending herself in the civil case.

Should a stay be denied, the Defendant is placed in the untenable position of going forward with parallel civil and criminal proceedings where the Defendant must choose between retaining her Fifth Amendment right or providing the best possible defense that she can to the civil lawsuit without prejudicing herself in the criminal proceeding. No undue burden will be placed on Plaintiffs or the Court if a stay is granted.

FOR THESE REASONS, Defendant Leigh Bridges respectfully requests that the Court enter an order to stay the civil action until resolution of the parallel criminal case.

Respectfully submitted, this the 13th day of August 2026.

**LEIGH BRIDGES**

By: */s/ Jeffrey M. Graves*
Jeffrey M. Graves | MSB 104327
John M. Colette | MSB 6376
**JOHN M. COLETTE, PLLC**
501 S. State Street
Jackson, Mississippi 39201
601-355-6277 Office
601-355-6283 Facsimile
colettelawms@gmail.com
*Attorneys for Leigh Bridges*

**CERTIFICATE OF SERVICE**

I, John M. Colette, do hereby certify that I have on this date filed the foregoing with the clerk, and have served a true and correct copy of the same via email on all parties of record.

THIS, the 13th day of August 2026.

/s/ Jeffrey M. Graves
Jeffrey M. Graves