**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union,

*Plaintiff*,

v. Case No. 3:26-CV-343-DPJ-RPM

LEIGH BRIDGES, CHAD BRIDGES and TINA FUNEZ

*Defendants*.

---

**Answer and Affirmative Defenses of Leigh Bridges**

---

COMES NOW Defendant Leigh Bridges, by and through counsel, and files her response to NCUAB's *Amended Complaint*.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to state a claim for relief against this defendant and should therefore be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Defendant generally denies all substantive allegations which assert any wrongdoing on her part.

**THIRD AFFIRMATIVE DEFENSE**

A portion of the alleged damages were caused by others.

**FORTH AFFIRMATIVE DEFENSE**

Plaintiff's damages must be reduced or offset by other recoveries it may receive.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff pleads the exemptions set forth in Miss. Code Ann § 85-3-1 and § 256-11-129, as applicable.

**ANSWER**

The allegations contained in unnumbered paragraphs on pages 1-2 of the Amended Complaint state legal and procedural conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**Parties, Jurisdiction and Venue**

1. The allegations contained in paragraph 1 of the Amended Complaint state legal and procedural conclusions to which no response is required.

2. The allegations contained in paragraph 2 of the Amended Complaint state legal and procedural conclusions to which no response is required.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. The allegations contained in Paragraph 8 of the Amended Complaint state legal and procedural conclusions to which no response is required.

9. The allegations contained in Paragraph 9 of the Amended Complaint state legal and procedural conclusions to which no response is required.

10. The allegations contained in Paragraph 10 of the Amended Complaint state legal and procedural conclusions to which no response is required.

**Defendant's Relationships with JAFCU**

11. Defendant admits that she was employed by JAFCU. Defendant admits she became President and CEO of JAFCU effective July 1, 2022 – not 2021 as paragraph 11 states.

12. Admitted.

13. Admitted. Defendant specifically admits that wire transfers were always initiated and authorized under dual control, and that she could not solely perform this task.

14. Admitted.

15. Admitted.

16. The two share accounts with Chad's name were joint accounts.

17. Defendant admits that Funez was employed by JAFCU and was a family friend. She was promoted to Branch manager but not sure of the date.

**Misappropriation of JAFCU Funds**

The allegations contained in Paragraphs 18 – 52 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination.

**Chad Bridges' Share Accounts with JAFCU**

Defendant Leigh Bridges admits the allegations contained in Paragraph 53 of the Amended Complaint.

Paragraphs 54 – 59 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore

invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 54 – 59.

Defendant admits Chad Bridges had share accounts at JAFCU. She is without knowledge or information sufficient to respond to the allegations contained in paragraphs 60 and 61 regarding the amounts alleged.

Defendant admits the allegations contained in paragraph 62 regarding yearly salaries. Defendant denies the remaining allegations contained in paragraph 62 to the extent a response is required.

**Transactions Concerning Tina Funez**

Paragraphs 63 – 70 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 63 – 70.

**COUNT I**
**Fraudulent Misrepresentation – JAFCU Financial Statement**
**(Leigh Bridges)**

The allegations contained in paragraph 71 of the Amended Complaint do not require a response. Paragraphs 72 – 79 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 72 – 79.

**COUNT II**
**Fraudulent Misrepresentation – JAFCU Financial Transactions**
**(Leigh Bridges)**

Paragraph 80 of the Amended Complaint does not require a response. Paragraphs 81 – 87 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 81 – 87.

**COUNT III**
**Conversion of JAFCU Funds**
**(Leigh Bridges)**

Paragraph 88 of the Amended Complaint does not require a response. Paragraphs 89 – 93 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 89 – 93.

**COUNT IV**
**Breach of Fiduciary Duty**
**(Leigh Bridges)**

Paragraph 94 of the Amended Complaint does not require a response. Paragraphs 95 – 99 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 95 – 99.

**COUNT V**
**Personal Liability Pursuant to 12 U.S.C. § 1787(b)**
**(Leigh Bridges)**

Paragraph 100 of the Amended Complaint does not require a response. Defendant admits paragraph 102 of the Amended Complaint, but the correct date 2022, not 2021 as stated. Defendant admits Paragraphs 103 – 104 of the Amended Complaint. Paragraph 105 seeks answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraph 105.

**COUNT VI**
**Fraudulent Transfers Pursuant to 12 U.S.C. § 1787 (b)(16)(A)**
**(Leigh Bridges)**

Paragraph 106 – 107 of the Amended Complaint does not require a response. Defendant admits paragraph 108. Paragraphs 109 – 112 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 109 – 112.

**COUNT VII**
**Fraudulent Transfers Pursuant to Miss Code § 15-3-107**
**(Leigh Bridges)**

Paragraph 113 of the Amended Complaint does not require a response. Paragraphs 114 – 121 of the Amended Complaint seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 114 – 121.

**COUNT VIII**
**Fraudulent Transfers Pursuant to 12 U.S.C. § 1787 (b)(16)(A)**
**(Chad Bridges)**

Paragraphs 122 – 127 of the Amended Complaint contain legal conclusions and allegations not directed at Defendant Leigh Bridges. To the extent the allegations contained in these paragraphs are directed to Defendant Leigh Bridges, they seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 122 – 127.

**COUNT IX**
**Fraudulent Transfers Pursuant to 12 Miss Code § 15-3-107**
**(Chad Bridges)**

Paragraphs 128 – 135 of the Amended Complaint contain legal conclusions and allegations not directed at Defendant Leigh Bridges. To the extent the allegations contained in these paragraphs are directed to Defendant Leigh Bridges, they seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 128 – 135.

**COUNT X**
**Fraudulent Transfers Pursuant to 12 U.S.C. § 1787(b)(16)(A)**
**(Tina Funez)**

Paragraphs 136 – 141 of the Amended Complaint contain legal conclusions and allegations not directed at Defendant Leigh Bridges. To the extent the allegations contained in these paragraphs are directed to Defendant Leigh Bridges, they seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant

therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 136 – 141.

**COUNT XI**
**Fraudulent Transfers Pursuant to 12 Miss Code § 15-3-107**
**(Tina Funez)**

Paragraphs 142 – 149 of the Amended Complaint contain legal conclusions and allegations not directed at Defendant Leigh Bridges. To the extent the allegations contained in these paragraphs are directed to Defendant Leigh Bridges, they seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to the allegations contained in paragraphs 142 – 149.

**COUNT XII**
**Enforcement of Constructive Trust**
**(All Defendants)**

The allegations contained in paragraphs 150 – 156 state legal and procedural conclusions to which no response is require. To the extent these paragraphs contain allegations to which a response is required, they seek answers that Defendant reasonably believes could later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to paragraphs 150 – 156.

**COUNT XIII**
**Relief Pursuant to 12 U.S.C. § 1787(b)(2)(G)**
**(All Defendants)**

The allegations contained in paragraphs 157 – 161 state legal and procedural conclusions to which no response is require. To the extent these paragraphs contain allegations to which a response is required, they seek answers that Defendant reasonably believes could

later be used against her in a parallel criminal proceeding. Defendant therefore invokes her privileges under the Fifth Amendment and exercises her right against self-incrimination in response to paragraphs 157 – 161.

Respectfully submitted, this the 17th day of August 2026.

**LEIGH BRIDGES**

By: */s/ Jeffrey M. Graves*
Jeffrey M. Graves | MSB 104327
John M. Colette | MSB 6376
**JOHN M. COLETTE, PLLC**
501 S. State Street
Jackson, Mississippi 39201
601-355-6277 Office
601-355-6283 Facsimile
colettelawms@gmail.com

*Attorneys for Leigh Bridges*

**CERTIFICATE OF SERVICE**

I, Jeffrey M. Graves, do hereby certify that I have on this date filed the foregoing with the clerk, and have served a true and correct copy of the same via email on all parties of record.

THIS, the 17th day of August 2026.

*/s/ Jeffrey M. Graves*
Jeffrey M. Graves