UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

---------------------------------------------------------------------X

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union,

Plaintiff,

v.

LEIGH BRIDGES, CHAD BRIDGES, and TINA FUNEZ,

Defendants.

Case No.: 3:26-cv-343-DPJ-RPM
Hon. Daniel P. Jordan
Hon. Robert P. Myers, Jr.

---------------------------------------------------------------------X

**PLAINTIFF'S URGENT AND NECESSITOUS MOTION FOR IMPOSITION OF A TRUSTEESHIP ON REAL PROPERTY OF DEFENDANTS LEIGH AND CHAD BRIDGES**

Plaintiff, the National Credit Union Administration Board ("NCUAB"), acting in its capacity as conservator of Jackson Area Federal Credit Union ("JAFCU"), in accordance with Rule 65 of the Federal Rules of Civil Procedure and 12 U.S.C. §§ 1787(b)(2)(G), (H), moves this Court for the imposition of a trusteeship on the real property of Defendants Leigh and Chad Bridges, which includes property located at (1) 3826 Sleepy Hollow, Jackson, Mississippi ("Sleepy Hollow residence"), (2) 2085 Great Southern Road, Hazelhurst, Mississippi, (3) 29500 Perdido Beach Boulevard, Apartment 702, Orange Beach, Alabama, and (4) 257 Eastbrooke Street, Jackson, Mississippi.

Undersigned counsel understands that Defendant Chad Bridges opposes this motion whereas Defendant Leigh Bridges does not. Defendant Tina Funez has no interest in the

property in dispute, and thus lacks standing to oppose this motion. The NCUAB made several attempts to resolve this issue without motion practice. *See* Exs. A-C.

The basis for the relief requested is more fully explained in the memorandum of law contemporaneously filed with this motion. The other documents supporting this motion include:

(a) Exhibit A, a July 17 email to counsel with proposed agreed order attached;

(b) Exhibit B, an August 6 email exchange;

(c) Exhibit C, an August 17 email exchange; and

(d) the declaration of Timothy Newbold.

Copies of those documents, and the proposed order, are all attached to this motion.

The NCUAB believes that this motion is urgent and necessitous within the meaning of Local Rule 7(b)(8). As required by that rule, counsel for the NCUAB will contact chambers and provide the requisite notice to all defendants.

The need for expedited relief is based on the **$3,600 per day** the NCUAB is incurring in order to provide 24/7 armed security at the Sleepy Hollow residence. *See* Newbold decl. ¶ 6. Although many luxury items have been removed to a secure location, *id.* ¶ 7, an insurance policy covers the items remaining at the Sleepy Hollow residence, which includes a Steinway piano. *See id.* ¶ 8. Maintaining security on the premises is believed to be necessary to avoid non-compliance with the policy. *See id.* It is also necessary because the property is vacant, *see id.* ¶ 4, and because the NCUAB is currently unable to exclude persons from the Sleepy Hollow residence without title to the property, *see id.* ¶ 9. For these reasons, security expenses will almost certainly continue to accrue until the Sleepy Hollow residence is in the possession of the NCUAB. A trusteeship will thus allow the NCUAB to discontinue security, thereby eliminating that significant cost.

**WHEREFORE,** Plaintiff NCUAB requests the imposition of a trusteeship on the real property of Defendants Leigh and Chad Bridges as detailed more precisely in the proposed order that accompanies this motion.

Respectfully submitted,

August 21, 2026

*/s/ Alysson Mills*

Alysson Mills, Mississippi Bar No. 102861

650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
t/f: 504-586-5253
alysson@alyssonmills.com

*Counsel for Plaintiff*
NATIONAL CREDIT UNION ADMINISTRATION BOARD,
acting in its capacity as conservator of
JACKSON AREA FEDERAL CREDIT UNION

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

*/s/ Alysson Mills*

Alysson Mills