EXHIBIT A

**Alysson Mills <alysson@alyssonmills.com>**

---

# NCUAB v. Bridges et al.

1 message

---

**Alysson Mills** <alysson@alyssonmills.com> Fri, Jul 17, 2026 at 10:32 AM
To: Tad McCraney <tmccraney@mmqnlaw.com>, "John M. Colette" <colettelawms@gmail.com>, "chris@csrdefense.com" <chris@csrdefense.com>

Guys,

I just sent this to Tad -- it's a draft agreed order amending the preliminary injunction order that Judge Jordan entered last week. Please let me know your thoughts.

Judge Jordan's order included deadlines for compliance with certain of its terms. To the extent your client has not complied, he/she needs to.

I expect we'll speak soon -- in the meantime, have a good weekend all.

Alysson

Alysson Mills
650 Poydras Street, Suite 1525
New Orleans, Louisiana 70130
direct t/f: 504-586-5253
alysson@alyssonmills.com
alyssonmills.com

---

**2026-07-17 Draft agreed order.docx**
60K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

---------------------------------------------------------------------X

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union,

Plaintiff,

v.

LEIGH BRIDGES, CHAD BRIDGES, and TINA FUNEZ,

Defendants.

---------------------------------------------------------------------X

Case No.: 3:26-cv-343-DPJ-RPM
Hon. Daniel P. Jordan
Hon. Robert P. Myers, Jr.

**[PROPOSED] AGREED AMENDMENT TO ORDERS OF PRELIMINARY INJUNCTION, PREJUDGMENT ATTACHMENT OF ACCOUNTS AND ASSETS, AND IMPOSITION OF TRUSTEESHIP ON CERTAIN PROPERTY**

Upon the motion of Plaintiff, the National Credit Union Administration Board ("NCUAB"), acting in its capacity as conservator of Jackson Area Federal Credit Union ("JAFCU"), for an amendment to the preliminary injunctions against Defendants Leigh and Chad Bridges, and Defendant Tina Funez, ECF Nos. 20, 21, the agreement of counsel for Defendants Leigh Bridges, Chad Bridges, and Tina Funez, and for good cause shown, this Court amends the orders of preliminary injunction as follows:

1. The preliminary injunctions against Leigh and Chad Bridges, and Tina Funez, entered by this Court on July 7, 2026, ECF Nos. 20, 21, and in effect until the entry of final judgment in this lawsuit, are modified to the extent they are inconsistent with the paragraphs that follow below, which are effective immediately.

***The disposition of certain accounts***

2. Leigh and Chad Bridges relinquish all claims to and interest in accounts that are owned by them jointly or individually, except as set forth in paragraph 3, below. Leigh and Chad Bridges will transfer funds in the accounts owned by them to an account designated by the NCUAB, except for all accounts with JAFCU for which no transfer is necessary. Any funds transferred from joint accounts of Leigh and Chad Bridges to the NCUAB will be credited against any money judgments obtained against both Leigh Bridges and Chad Bridges. Any funds transferred from an account titled to Leigh Bridges alone shall be credited against any money judgment obtained against Leigh Bridges. Any funds transferred from accounts titled to Chad Bridges alone shall be credited against any money judgment obtained against Chad Bridges as well as against any money judgment obtained against Leigh Bridges to the extent that the funds are determined or agreed to be traceable to JAFCU funds and/or a fraudulent transfer. Leigh and Chad Bridges and the NCUAB will be jointly responsible for accounting for the application of the funds transferred to the NCUAB.

3. Paragraph 2 will not apply to any of the retirement accounts of the Defendants, or the accounts of Tina Funez, although such accounts remain frozen consistent with the preliminary injunctions. The retirement accounts excepted from Paragraph 2 include Leigh Bridges' and Tina Funez's 401k retirement accounts with JAFCU, Chad Bridges' deferred compensation plan with the State of Mississippi, and Chad Bridges' IRA with Raymond James. Paragraph 2 will also not apply to each Defendant's account designated for basic living expenses as specified in more detail below.

***Conditions concerning expenditures***

4. The preliminary injunctions are modified as necessary to permit each Defendant $3,000 per month to cover each's basic living expenses. That amount will be transferred from the NCUAB to each Defendant on the first of each month. Each Defendant will arrange for the funds to be transferred to one specific account and will forward copies of the statements for such accounts to counsel for the NCUAB within five business days of the statements being made available to the Defendant. Any money not spent during a specific month need not be returned to the NCUAB, although such money may be returned to the NCUAB and credited against such Defendant's debt to the NCUA, which is explained in paragraph 5 below.

5. The monthly spending allowance allocated to each Defendant will be considered a debt to the NCUAB exclusive of any other debt or liability to the NCUAB determined in this litigation. As such, to the extent that a Defendant is permitted by order of this Court or by agreement to exercise control over any funds or property free and clear of any interest of the NCUAB, the Defendant's debt to the NCUAB for the monthly spending allowance will be paid first from such funds or from the proceeds of such property, and the debt will be secured by an equitable lien on such funds or such property.

6. The debt of Leigh Bridges to the NCUAB will also include all actual expenditures paid from the time she received notice of the temporary restraining order entered by this Court until the date of the entry of this Order. The debt of Chad Bridges to the NCUAB will also include all actual expenditures paid from the time he received notice of the temporary restraining order entered by this Court until the date of the entry of this Order. The debt of Tina Funez to the NCUAB will also include all actual expenditures paid from the time she received notice of

the NCUAB's motion for preliminary injunction against her until the date of the entry of this Order.

7. The Defendants will report the receipt of any additional funds or property with value, including but not limited to unemployment benefits, to the NCUAB forthwith and the income obtained by each Defendant will reduce that Defendant's monthly spending allowance by the amount of additional funds or property obtained. The Defendants may not intentionally conceal or fail to reveal any receipt of funds or property with contempt of court being the potential penalty for such misconduct.

***The disposition of certain real property***

8. Leigh and Chad Bridges relinquish all claims to and interest in real property owned by them jointly or individually. Such real property includes property located at (a) 3826 Sleepy Hollow, Jackson, Mississippi, (b) 2085 Great Southern Road, Hazlehurst, Mississippi, (c) 257 Eastbrooke Street, Jackson, Mississippi, and (d) 29500 Perdido Beach Boulevard, Apartment 702, Orange Beach, Alabama. Leigh and Chad Bridges will transfer via quitclaim deed all real property owned by them jointly or individually to the NCUAB within ten (10) days of this Order.

9. Absent agreement to the contrary, Leigh and/or Chad Bridges will arrange for all items **not** meeting the inclusion criteria in paragraph 9 of the order of preliminary injunction, ECF No. 20, to be removed from the real property located at (a) 3826 Sleepy Hollow, Jackson, Mississippi, (b) 2085 Great Southern Road, Hazlehurst, Mississippi, and (c) 229500 Perdido Beach Boulevard, Apartment 702, Orange Beach, Alabama. Any persons residing at any such property are required to vacate and depart from the property within 30 days of entry of this Order. Any item not removed within 30 days of entry this Order will be deemed abandoned and the NCUAB may dispose of such item as it sees fit.

10. The NCUAB is permitted to sell the real property of Chad Bridges and/or Leigh Bridges and the net proceeds from such sales will be transferred to an account designated by the NCUAB. The net proceeds from the sale of real property held jointly by Leigh and Chad Bridges will be credited against any money judgments obtained against both Leigh Bridges and Chad Bridges. The net proceeds from sales of real property titled to Leigh Bridges alone shall be credited against any money judgment obtained against Leigh Bridges. The net proceeds from sales of real property titled to Chad Bridges alone shall be credited against any money judgment obtained against Chad Bridges as well as against any money judgment obtained against Leigh Bridges to the extent that the funds are determined or agreed to be traceable to JAFCU funds and/or a fraudulent transfer. Leigh and Chad Bridges and the NCUAB will be jointly responsible for accounting for the application of the net proceeds of such sales.

11. Leigh Bridges will be entitled to reside at 257 Eastbrooke Street, Jackson, Mississippi ("Eastbrooke residence") during the pendency of this litigation. Leigh Bridges will pay the NCUAB $1,200 per month in rent and such amount will be deducted from her monthly spending allowance by the NCUAB. The payment of rent is exclusive of utilities. The costs of maintaining the property, including payment of condominium fees and assessments, necessary repairs, and taxes will be borne by the NCUAB. If Leigh Bridges fails to pay rent, commits waste, causes a violation of a material condominium bylaw, or engages in any other conduct that would constitute grounds for eviction under the law of Mississippi, the NCUAB may file a motion seeking appropriate relief with this Court. Upon receiving 48 hours of notice, Leigh Bridges will permit agents of the NCUAB to inspect the Eastbrooke residence.

***The disposition of certain personal property***

12. Leigh and Chad Bridges relinquish any claims to and interest in all items of personal property that have been taken into NCUAB's custody consistent with paragraph 9 of the order of preliminary injunction, ECF No. 20, or with the permission of Leigh Bridges and/or Chad Bridges, including but not limited to items currently on consignment with the RealReal and Brooks Collection. Tina Funez relinquishes any claims to and interest in all items of personal property that have been taken into NCUAB's custody consistent with paragraph 9 of the order of preliminary injunction, ECF No. 21, or with her permission. The NCUAB is permitted to sell the personal property identified in this paragraph, and to authorize the sale of such property with respect to any consigner or reseller, and the net proceeds from such sales will be deposited in an account designated by the NCUAB.

13. Leigh Bridges and Chad Bridges relinquish any claims to and interest in checks, credits, or any benefit derived from the sale of items of personal property subject to paragraph 9 of the order of preliminary injunction, ECF No. 20, or with the permission of Leigh Bridges and/or Chad Bridges, that has not yet been monetized or transferred into an account, including but not limited to checks from the RealReal and Brooks Collection. Tina Funez relinquishes any claims to and interest in all items of personal property that have been taken into NCUAB's custody subject to paragraph 9 of the order of preliminary injunction, ECF No. 21, or with her permission, including but not limited to checks from the RealReal. The Defendants will monetize and deposit all checks, credits, or other benefits to the account specifically designated in paragraph 4 and, within five (5) business days, transmit the same amount to an account designated by the NCUAB. Alternatively, the Defendants may arrange for money in the amount of the check, credit, or other benefit to be transferred directly to the NCUAB.

14. Leigh and Chad Bridges relinquish any claims to and interest in payments under a loan made to former JAFCU CEO Gary Fairley. Mr. Fairley will make all remaining payments under the loan to an account designated by the NCUAB for the benefit of the NCUAB under the agreed terms of the loan until such loan is repaid in full.

15. The net proceeds derived from personal property held jointly by Leigh and Chad Bridges will be credited against any money judgments obtained against both Leigh Bridges and Chad Bridges. The net proceeds derived from personal property titled to Leigh Bridges alone shall be credited against any money judgment obtained against Leigh Bridges. The net proceeds derived from personal property titled to Chad Bridges alone shall be credited against any money judgment obtained against Chad Bridges as well as against any money judgment obtained against Leigh Bridges to the extent that the funds are determined or agreed to be traceable to JAFCU funds and/or a fraudulent transfer. The net proceeds derived from personal property titled to Tina Funez shall be credited against any money judgments obtained against Tina Funez and/or Leigh Bridges. Leigh Bridges, Chad Bridges, Tina Funez, and the NCUAB will be jointly responsible for accounting for the application of the net proceeds derived from personal property.

***Other conditions concerning personal property***

16. All life insurance policies with cash value of Chad Bridges are specifically excepted from this Order, although such property remains frozen consistent with the preliminary injunctions.

17. The Defendants are under a continuing obligation to identify property subject to the inclusion criteria in paragraph 9 of the orders of preliminary injunction, ECF Nos. 20, 21. The Defendants may not intentionally conceal or fail to identify any item meeting the inclusion

criteria identified in paragraph 9 of the orders of preliminary injunction, ECF Nos. 20, 21, with contempt of court being the potential penalty for such misconduct.

18. **Within ten (10) business days of the entry of this Order**, Leigh Bridges is required to provide the NCUAB with an inventory of all items of personal property located at the Eastbrooke residence with estimated resale fair market value of over $100.

19. **Within ten (10) business days of the entry of this Order**, Chad Bridges is required to provide the NCUAB with an inventory of all items of personal property located at his current residence with estimated resale fair market value of over $100.

20. **Within ten (10) business days of the entry of this Order**, Tina Funez is required to provide the NCUAB with an inventory of all items of personal property located at her current residence with estimated resale fair market value of over $100.

21. **Within ten (10) business days of the entry of this Order**, Tina Funez is required to provide the NCUAB with an inventory of all items of personal property located at the Utila dwelling with estimated resale fair market value of over $100 to the best of her recollection.

22. **Within ten (10) business days of the entry of this Order**, all Defendants are required to identify any items with estimated resale fair market value of over $100, or any cash, currency, or money equivalent, brought to the Utila dwelling from the United States within the last six (6) months.

***Other matters concerning the disposition of property***

23. The ownership of property for purposes of this Order will be determined as follows. Ownership of accounts will be determined by reference to an account signature card or other information on file with the financial institution with which the account is held. Ownership

of real property and automobiles will be determined by reference to the deed or title. Ownership of items of personal property will be presumptively determined by the location where such property was found, but such presumption may be rebutted by evidence of the source used to purchase the item or other competent evidence of ownership. Ownership of intangible personal property will be determined by competent evidence of ownership. Nothing in this paragraph prevents the NCUAB and the Defendants from reaching agreements concerning the ownership of property.

24. Although the amounts received from the sale of property and the transfer of funds to the NCUAB as specified in this Order will be credited toward any money judgment obtained, in no event will any amount credited result in any refund or amount owing to any Defendant by the NCUAB.

25. Any disputes pertaining to this Order may be addressed through the filing of a motion with this Court. The parties to the dispute must in good faith attempt to resolve all disputes before filing any motion and will endeavor to avoid bringing motions over trivial matters or matters susceptible to resolution through the good faith negotiation of the parties. Any party filing a motion that is not substantially justified or that is brought in bad faith subjects such party to potential sanctions. Notwithstanding this paragraph, any disputes concerning amounts credited against any money judgment against any Defendant will be reserved until the issue of the entry of such judgment is before this Court.

***Enforcement of this Order***

26. Any willful disobedience of clear commands in this Order by a person subject to this Order, or any other person in active concert or participation with such person, with actual notice of this Order is punishable by contempt.

27. The NCUAB is authorized to contact the U.S. Marshals for this District and to employ their services to the extent necessary to effectuate this Order. Such services include but are not limited to maintaining the peace during the inspection of real or personal property within the jurisdiction of this Court.

PARTIES' SIGNATURES

**It is so ordered:**

Date:_______________

__________________________
Daniel P. Jordan III
United States District Judge