UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION
------------------------------------------------------------------X

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union,

Plaintiff,

v.

LEIGH BRIDGES, CHAD BRIDGES, and TINA FUNEZ,

Defendants.

Case No.: 3:26-cv-343-DPJ-RPM
Hon. Daniel P. Jordan
Hon. Robert P. Myers, Jr.

------------------------------------------------------------------X

**[PROPOSED] ORDER IMPOSING A TRUSTEESHIP ON REAL PROPERTY OF DEFENDANTS LEIGH AND CHAD BRIDGES**

Upon the motion of Plaintiff, the National Credit Union Administration Board ("NCUAB"), acting in its capacity as conservator of Jackson Area Federal Credit Union ("JAFCU"), for the imposition of a trusteeship on the real property of Defendants Leigh and Chad Bridges, this Court, having reviewed the NCUAB's memoranda of law and the declaration submitted in support of such motion, makes the following findings:

(a) The requirements of the traditional four-factor injunction standard, as modified by 12 U.S.C. §§ 1787(b)(2)(G), (H), have been met; and

(b) to the extent required by 12 U.S.C. §§ 1787(b)(2)(H)(i), the NCUAB has shown harm in that without the imposition of a trusteeship, the NCUAB's ability to collect on a judgment in this lawsuit and the likely constructive trust in favor of NCUAB will likely be compromised.

Accordingly, Plaintiff NCUAB's motion is **granted**, and this Court orders as follows:

1. The preliminary injunction against Leigh and Chad Bridges, entered by this Court on July 7, 2026, ECF No. 20, and in effect until the entry of final judgment in this lawsuit, is modified to the extent it is inconsistent with the paragraphs that follow below, which are effective immediately.

2. The Court hereby places all real property owned by Leigh and Chad Bridges, jointly or individually, under its control with the NCUAB appointed to serve as trustee of such property. Such real property includes property located at (a) 3826 Sleepy Hollow, Jackson, Mississippi, (b) 2085 Great Southern Road, Hazlehurst, Mississippi, (c) 257 Eastbrooke Street, Jackson, Mississippi, and (d) 29500 Perdido Beach Boulevard, Apartment 702, Orange Beach, Alabama.

3. Consistent with the preceding paragraph, Leigh and Chad Bridges will transfer via quitclaim deed all real property owned by them, jointly or individually, to the NCUAB within two (2) days of receiving notice of this Order. Any persons residing at any such property are required to vacate and depart from the property within 30 days of the entry of this Order.

4. Notwithstanding paragraph 3, Leigh Bridges is entitled to reside at 257 Eastbrooke Street, Jackson, Mississippi ("Eastbrooke residence") during the pendency of this litigation. Leigh Bridges will pay the NCUAB $1,200 per month in rent and such amount will be deducted from any monthly spending she is permitted by this Court. The payment of rent is exclusive of utilities. The costs of maintaining the property, including payment of condominium fees and assessments, necessary repairs, and taxes will be borne by the NCUAB. If Leigh Bridges fails to pay rent, commits waste, causes a violation of a material condominium bylaw, or engages in any other conduct that would constitute grounds for eviction under the law of Mississippi, the NCUAB may file a motion seeking appropriate relief with this Court. Upon receiving 48 hours of notice, Leigh Bridges will permit agents of the NCUAB to inspect the Eastbrooke residence.

5. Any willful disobedience of clear commands in this Order by a person subject to this Order, or any other person in active concert or participation with such person, with actual notice of this Order is punishable by contempt.

6. The NCUAB is authorized to contact the U.S. Marshals for this District and to employ their services to the extent necessary to effectuate this Order.

**It is so ordered:**

Date:______________ 

_______________________
Daniel P. Jordan III
United States District Judge