UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,
In its Capacity as Conservator of
Jackson Area Federal Credit Union PLAINTIFF

VS. CIVIL ACTION NO.: 3:26-cv-343-DPJ-RPM

LEIGH BRIDGES, CHAD BRIDGES
and TINA FUNEZ DEFENDANTS

---

# URGENT AND NECESSITOUS MOTION TO DISSOLVE AND/OR MODIFY PRELIMINARY INJUNCTION

---

Defendant Chad Bridges ("Chad") hereby files this Urgent and Necessitous Motion to Dissolve and/or Modify the Preliminary Injunction, as follows:

1. Plaintiff National Credit Union Administration Board ("National") filed this civil action on May 14, 2026, in its capacity as the conservator of Jackson Area Federal Credit Union ("Jackson"). Doc. 1. National alleges that Jackson's former CEO, Defendant Leigh Bridges ("Leigh"), "misappropriated at least $51 million dollars in funds from [Jackson]." *Id.* at p. 5.

2. Seeking to recover such funds, National has sued Leigh alleging that, because of her position with Jackson, she was able to access credit union funds and conceal her actions by falsifying internal records. National has also sued Leigh's husband, Chad, but since he was never employed with Jackson, it does not allege any active wrongdoing on his part. Indeed, National describes Chad as a "mere title holder" [*Id.* at p. 10] and has included him in this lawsuit only to the extent he has or

shares title to any assets traceable to funds allegedly misappropriated from Jackson by Leigh.

3. On May 15, 2026, the Court granted National's Motion for a Temporary Restraining Order ("TRO") without notice. Doc. 7. The TRO, which was later extended by the Court, essentially placed a blanket "freeze" on all of the Bridges' financial accounts ostensibly to prevent the potential dissipation of funds allegedly misappropriated from Jackson by Leigh.

4. On June 15, 2026, National filed an Amended Complaint which added Tina Funez as a defendant. Doc. 17. On July 7, 2026, the Court entered an Order converting the TRO to a Preliminary Injunction as to all defendants. Doc. 20. The Preliminary Injunction was entered without an evidentiary hearing and before Chad formally appeared in this matter. Chad filed his Separate Answer and Affirmative Defenses on August 11, 2026. Doc. 31.

5. The Preliminary Injunction maintains the "freeze" on all of the defendants' financial accounts and subjects them to a "prejudgment attachment" in favor in National. Until the entry of a final judgment, the Order preliminarily enjoins and restrains defendants from transferring or disposing of any funds in any financial accounts in which they have an interest (individually or jointly). Doc. 20 at p. 2.

6. The Preliminary Injunction also imposes certain financial obligations which are primarily directed at Chad. It directs that, during the pendency of this litigation, "defendants" are required to pay insurance premiums and other expenses in order to maintain, operate and preserve certain properties, including the Bridges'

personal residence. *Id.* at p. 8. As to the source of funds for such obligations, the Order states that defendants "may use income derived from the salary of Chad Bridges during the pendency of this lawsuit" for basic living expenses, attorney's fees and property-related expenses. *Id.* at p. 10.

7. Until recently, Chad had been employed since 2004 with the Mississippi Insurance Department ("MID"), and in 2026, his annual salary was approximately $120,000. Shortly after this lawsuit was filed and became public, MID terminated Chad's employment on or about June 16, 2026. Chad is currently fifty-five (55) years old. Although he has been seeking other employment, Chad has not secured another full-time job. At present, Chad is receiving unemployment benefits of $235 per week which will continue for a maximum period of 26 weeks (ending in or around December, 2026). *See* Ex. 1.

8. Chad has an Individual Retirement Account ("IRA") with Raymond James. Chad is also a participant in the Mississippi Government Employees' Deferred Compensation Plan and Trust ("MDC Plan"). This is a tax-deferred retirement plan under § 457(b) of the Internal Revenue Code offered through PERS of Mississippi to state employees.

9. Chad's IRA and MDC Plan account are among the accounts that are "frozen" by the Preliminary Injunction. Chad seeks to dissolve and/or modify the Preliminary Injunction as to his retirement accounts because he is need of funds to pay for basic living expenses, attorney's fees and property-related expenses.

10. Regardless of financial need, National has no legitimate basis to oppose Chad's request for relief because the funds in his retirement accounts are exempt from seizure under execution or attachment pursuant to Mississippi law. *See* Miss. Code. Ann. § 85-3-1(e). Moreover, there is no evidence whatsoever that any of the funds in these accounts are traceable to funds allegedly misappropriated from Jackson by Leigh.

11. In support of this Motion, Chad relies on the following exhibits[1] as well as the accompanying Memorandum Brief filed herewith:

| | |
|---|---|
| Exhibit 1: | Affidavit of Chad Bridges and attachments; |
| Exhibit 1-1: | Mississippi Deferred Compensation Plan Account statements; |
| Exhibit 1-2: | May 2026 Paystub; and |
| Exhibit 1-3: | IRA Statements. |

WHEREFORE PREMISES CONSIDERED, for the reasons which are more fully explained in the accompanying Memorandum Brief, Chad moves the Court to modify and/or dissolve the Preliminary Injunction as to his IRA and MDC Plan account and to award him such relief as it deems proper in the premises.

[1] Chad is filing herewith a separate motion for leave to file Exhibits 1-1, 1-2 and 1-3 under seal. Because these exhibits contain sensitive personal financial information, they should be restricted from public access via the CM/ECF system. Pending the Court's ruling on the Motion to Seal, Chad has attached placeholders for these exhibits. Copies of these exhibits have been provided to National's counsel.

RESPECTFULLY SUBMITTED, this the 25th day of August, 2026.

**CHAD BRIDGES**

By: *__/s/ W. Thomas McCraney, III__*
W. Thomas McCraney, III

**OF COUNSEL:**

W. Thomas McCraney, III (MS Bar No. 10171)
William M. Quin II (MS Bar No. 10834
Sean R. Guy (MS Bar No. 100362
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
tmccraney@mmqnlaw.com
wquin@mmqnlaw.com
sguy@mmqnlaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

This the 25th day of August, 2026.

*/s/ W. Thomas McCraney, III*
W. Thomas McCraney, III