UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union — PLAINTIFF

VS. — CIVIL ACTION NO.: 3:26-cv-343-DPJ-RPM

LEIGH BRIDGES, CHAD BRIDGES and TINA FUNEZ — DEFENDANTS

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Defendant Chad Bridges ("Chad") hereby files this Memorandum Brief in Support of his Motion for Leave to File Documents Under Seal. Specifically, Defendant seeks an order sealing Exhibits 1-1, 1-2 and 1-3 to his Motion to Modify and/or Dissolve Preliminary Injunction.

## I. INTRODUCTION AND BACKGROUND

In connection with the pending Motion to Modify and/or Dissolve Preliminary Injunction, Chad intends to submit certain evidence regarding his personal financial situation and retirement accounts. These documents contain highly sensitive, non-public personal financial identifiers, including account balances, investment holdings, and activity.

It would be ineffective to simply redact all of this information under Fed. R. Civ. P 5.2(a). Chad would show that the substance of these financial documents is so intrinsically private that public disclosure could expose him to unwarranted financial

vulnerability and identity theft. Accordingly, Chad requests these narrow exhibits be under seal and that access to same be restricted *via* CM/ECF to counsel for the parties only.

## II. LEGAL STANDARD

While the public possesses a common-law right to inspect judicial records, this right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The Fifth Circuit recognizes that the public's right of access can be overcome by a showing of "good cause," which requires the court to balance the public's right against the party's privacy interests. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *Sec. & Exch. Comm'n v. Van Waeyenberghe.*, 990 F.2d 845, 848 (5th Cir. 1993).

Every court retains supervisory power over its own records, and files may be sealed when they risk becoming a vehicle for improper purposes or where disclosure would compromise highly sensitive personal commercial or financial information. *See Nixon*, 435 U.S. at 598. Under Uniform Local Civil Rule 79, a party seeking to seal documents must demonstrate that the interest in secrecy outweighs the presumption of openness, and that no less restrictive alternative exists.

## III. ARGUMENT

### A. Defendant Has a Compelling Privacy Interest in Retirement and Income Information

Personal financial documents—such as individual retirement account (IRA) portfolios, 401(k) statements, and comprehensive income streams—are traditionally recognized by federal courts as intensely private records. These documents reflect a

lifetime of personal savings and granular investment strategies. They are entirely separate from any public interest.

Disclosing these statements publicly does not serve the public's understanding of the legal disputes in this case. Instead, it exposes Defendant to targeted financial fraud, predatory business practices, and invasion of privacy. Federal courts routinely grant motions to seal records where the documents contain detailed financial information of an individual nature.

### B. The Request is Narrowly Tailored and No Less Restrictive Alternative Exists

Pursuant to Local Rule 79, Defendant's request is strictly limited to the specific financial records submitted as Exhibits 1-1, 1-2 and 1-3 to Defendant's Motion to Dissolve and/or Modify the Preliminary Injunction. Defendant does not seek to seal the underlying legal briefs, the motion itself, or any non-sensitive evidence.

Partial redaction under FRCP 5.2(a) is ineffective here because the very numbers themselves—the account totals, specific funding streams, and asset allocations—form the confidential core of the documents. Redacting the documents entirely would render the exhibits useless to the Court's review. Therefore, maintaining the specific exhibits under electronic seal while leaving the rest of the record public is the least restrictive method available to protect Defendant's privacy.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Seal Exhibits 1-1, 1-2 and 1-3 to his Motion to Modify and/or

Dissolve Preliminary Injunction, directing the Clerk of Court to maintain these documents under seal until further order of this Court.

RESPECTFULLY SUBMITTED, this 25th day of August, 2026.

**CHAD BRIDGES**

By: *<u>/s/ W. Thomas McCraney, III</u>*
W. Thomas McCraney, III

**<u>OF COUNSEL</u>:**

W. Thomas McCraney, III (MS Bar No. 10171)
William M. Quin II (MS Bar No. 10834
Sean R. Guy (MS Bar No. 100362
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
tmccraney@mmqnlaw.com
wquin@mmqnlaw.com
sguy@mmqnlaw.com

## CERTIFICATE OF SERVICE

I, W. Thomas McCraney, III, Esq., do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

SO CERTIFIED, this 25th day of August, 2026.

*/s/ W. Thomas McCraney, III*
W. Thomas McCraney, III