**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:26-cv-343-DPJ-RPM**

**LEIGH BRIDGES, CHAD BRIDGES and TINA FUNEZ** **DEFENDANTS**

---

**DEFENDANT CHAD BRIDGES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR IMPOSITION OF A TRUSTEESHIP ON REAL PROPERTY**

---

Defendant Chad Bridges ("Chad"), by and through counsel, hereby files this Response in Opposition to Plaintiff's Motion for Imposition of a Trusteeship on Real Property [Doc. 33], as follows:

1. Plaintiff National Credit Union Administration Board ("National") filed this civil action on May 14, 2026, in its capacity as the conservator of Jackson Area Federal Credit Union ("Jackson"). [Doc. 1]. National alleges that Jackson's former CEO, Defendant Leigh Bridges ("Leigh"), "misappropriated at least $51 million dollars in funds from [Jackson]." *Id.* at p. 5.

2. Seeking to recover such funds, National has sued Leigh alleging that, because of her position with Jackson, she was able to access credit union funds and conceal her actions by falsifying internal records. National has also sued Leigh's husband, Chad, but since he was never employed with Jackson, it does not allege any active wrongdoing on his part. Indeed, National describes Chad as a "mere title

holder." *Id.* at p. 10. National included Chad in this lawsuit only to the extent he has or shares title to any assets traceable to funds allegedly misappropriated from Jackson by Leigh.

3. On May 15, 2026, the Court granted National's Motion for a Temporary Restraining Order ("TRO") without notice. [Doc. 7]. The TRO, which was later extended by the Court, essentially placed a blanket "freeze" on all of the Bridges' financial accounts and also enjoined them from transferring or disposing of any real or personal property owned by them, including but not limited to the properties located at: (a) 3826 Sleepy Hollow, Jackson, Mississippi; (b) 2085 Great Southern Road, Hazlehurst, Mississippi; (c) 275 Eastbrook St., Jackson, Mississippi; and (d) 29500 Perdido Beach Blvd., Apt. 702, Orange Beach, Alabama.

4. On June 15, 2026, National filed an Amended Complaint which added Tina Funez as a Defendant. [Doc. 17]. On July 7, 2026, the Court entered an Order converting the TRO to a Preliminary Injunction as to all Defendants. [Doc. 20].

5. The Preliminary Injunction enjoins and restrains Defendants from transferring or disposing of their assets during the pendency of this action. *Id.* at p. 2. It orders that certain items of personal property shall be placed under a Court-supervised "trusteeship" allowing National to take custody of and preserve such items for eventual execution if a money judgment is entered its in favor in this matter. The "trusteeship" imposed by the Preliminary Injunction specifically excluded the Bridges' real property assets, although it maintained the status quo by enjoining any transfer or disposition of the same during the pendency of this litigation. *Id.* at p. 4.

6. The Preliminary Injunction also imposes certain financial obligations which are primarily directed at Chad. It directs that, during the pendency of this litigation, "defendants" are required to pay insurance premiums and other expenses in order to maintain, operate and preserve the Bridges' properties, including their personal residence. *Id.* at p. 8. As to the source of funds for such obligations, the Order provides that Defendants "may use income derived from the salary of Chad Bridges" for basic living expenses, attorney's fees and property-related expenses. *Id.* at p. 10.

7. The Preliminary Injunction states that "if the Defendants fail to abide by this Order, pay property-related bills and/or property maintain any real property . . ., or if [National] believes that the value of specific property may decline significantly without it taking control of the property, [it] may file a motion with the Court requesting to place the real property or all real property owned by the Defendants under the control of this Court with [National] appointed as trustee." *Id.* at pp. 8-9.

8. On August 21, 2026, National filed an "urgent and necessitous" motion to impose a trusteeship over the Bridges' real property assets. [Doc. 33]. National's motion is an extraordinary, pre-judgment overreach that attempts to bypass fundamental state property rights, homestead protections, and the explicit limits of this Court's order. National seeks a sweeping remedy—the outright transfer of real property titles via quitclaim deeds—under the guise of an equitable "trusteeship." It does so without proving, or even alleging, any active wrongdoing by Chad, whom National itself has characterized as a "mere title holder."

9. The real properties at issue, including the primary marital residence (Sleepy Hollow), are currently frozen by the Preliminary Injunction. This Order completely preserves the status quo and restrains the Bridges from selling, transferring, or dissipating the assets. National has manufactured an emergency out of its own discretionary choices. Now, it is trying to leverage this situation to force Chad into signing away vested property rights and by cutting off his ability to maintain himself, hold his property, or fund his legal defense. National's Motion should be denied as to its request for an order compelling the outright conveyance of the Bridges' real property assets. However, Chad does not oppose a trusteeship which is limited to preserving and managing the asserts during the pendency of this litigation.

10. In further support of this Response, Chad relies upon the accompanying Memorandum Brief filed herewith.

For the foregoing reasons, Defendant Chad Bridges respectfully requests that this Court DENY National's Urgent and Necessitous Motion for Imposition of a Trusteeship on Real Property [Doc. 33] in the form requested. Chad further prays that this Court enter an Order consistent with Chad's alternative proposal, and/or grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this 26th day of August, 2026.

**CHAD BRIDGES**

By: *<u>/s/ W. Thomas McCraney, III</u>*
W. Thomas McCraney, III

**OF COUNSEL:**

W. Thomas McCraney, III (MS Bar No. 10171)
William M. Quin II (MS Bar No. 10834
Sean R. Guy (MS Bar No. 100362
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
tmccraney@mmqnlaw.com
wquin@mmqnlaw.com
sguy@mmqnlaw.com

**CERTIFICATE OF SERVICE**

I, W. Thomas McCraney, III, Esq., do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

SO CERTIFIED, this 26th day of August, 2026.

*/s/ W. Thomas McCraney, III*
W. Thomas McCraney, III