UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

-------------------------------------------------------------------X

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union,

Plaintiff,

v.

LEIGH BRIDGES, CHAD BRIDGES, and TINA FUNEZ,

Defendants.

-------------------------------------------------------------------X

Case No.: 3:26-cv-343-DPJ-RPM
Hon. Daniel P. Jordan
Hon. Robert P. Myers, Jr.

**PLAINTIFF'S MOTION TO MODIFY, CLARIFY, AND ENFORCE PRELIMINARY INJUNCTIONS**

Plaintiff, the National Credit Union Administration Board ("NCUAB"), acting in its capacity as conservator of Jackson Area Federal Credit Union ("JAFCU"), in accordance with Rule 65 of the Federal Rules of Civil Procedure and 12 U.S.C. §§ 1787(b)(2)(G), (H), moves this Court to modify, clarify, and enforce the preliminary injunctions, ECF Nos. 20, 21, by entering an order:

(a) Clarifying the term "property" as used in the preliminary injunctions and specifying that "property" specifically includes credit card points, gift cards, and accrued leave;

(b) Prohibiting Defendants from utilizing frozen funds and assets for living expenses (excluding the costs of the upkeep of real property subject to the preliminary injunctions) until Defendants prove the necessity of the use of such funds;

(c) Requiring Defendants to reimburse the NCUAB for living expenses paid for by frozen funds from any funds or assets that the Defendants are able to access free and clear of any interest of the NCUAB;

(d) Requiring Defendants to provide an accounting for future and past expenditures and income to the NCUAB in a timely manner;

(e) Requiring the Bridges to turnover gift cards and similar benefits to the NCUAB, and redeem all credit card points and similar benefits as directed by the NCUAB, so that those benefits may be monetized and held in trust; and

(f) Requiring Defendants to account for items of property under their control and transferred to a dwelling on the island of Utila, Honduras.

The NCUAB submits that these conditions are important to potentially restoring the status quo, fulfilling the purpose of the preliminary injunctions, addressing circumstances that have changed since the filing of motions for preliminary injunction, and giving notice to the Defendants as to prevent "unwitting contempt." The bases for the relief requested are more fully explained in the memorandum of law contemporaneously filed with this motion. The other documents supporting this motion include:

(1) Exhibit A, September 2 email from counsel for the Mississippi Insurance Department;

(2) Exhibit B, document provided by Leigh Bridges in response to preliminary injunction;

(3) Exhibit C, document provided by Leigh Bridges concerning the redemption of American Express credit card points in 2026;

(4) Exhibit D, August 12 email from Leigh Bridges' counsel; and

(5) the declaration of Ethan Meyer;

Copies of those documents, and the proposed order, are all attached to this motion.

**WHEREFORE,** Plaintiff NCUAB requests modification, clarification, and enforcement of the preliminary injunctions as detailed more precisely in the proposed order that accompanies this motion.

Respectfully submitted,

September 14, 2026

*/s/ Alysson Mills*

Alysson Mills, Mississippi Bar No. 102861

650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
t/f: 504-586-5253
alysson@alyssonmills.com

*Counsel for Plaintiff*
NATIONAL CREDIT UNION ADMINISTRATION BOARD,
acting in its capacity as conservator of JACKSON AREA FEDERAL CREDIT UNION

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

*/s/ Alysson Mills*

Alysson Mills