UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union, PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-343-DPJ-RPM

LEIGH BRIDGES, CHAD BRIDGES, AND TINA FUNEZ DEFENDANTS

ORDER

Before the Court is Defendant Chad Bridges's motion for leave to file documents under seal [38] in connection with his motion to modify and/or dissolve preliminary injunction [36]. The Court discussed this motion with the parties during a status conference on September 15, 2026, and there were no objections. The motion [38] is granted.

While the motion is unopposed, this Court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and footnotes omitted). When applying that test, there is a "working presumption . . . that judicial records should not be sealed." *Id.*

Consistent with that mandate, the Court has conducted an in-camera review of exhibits 1-1, 1-2 and 1-3 to Chad Bridges's motion to dissolve and/or modify the preliminary injunction. The motion concerns Chad's two (2) retirement accounts. Mot. [36]. Specifically, exhibit 1-1 is a composite exhibit reflecting quarterly account statements from Chad's Mississippi Deferred Compensation Plan (MDC Plan) account from March 2015 through June 2026. Exhibit 1-2 is Chad's paystub for May 2026, which reflects his regular payroll deductions, including the monthly contribution amount directed to the MDC Plan. Exhibit 1-3 is a composite exhibit which

contains annual statements for Chad's IRA with Raymond James from 2016 through 2025, including the monthly statements for 2026. The documents total over 550 pages.

The Court notes that these documents contain personal financial information, including account balances, investment holdings, income details, and transaction activity. They also include personal identifying information. Given the documents' nature and content, the Court finds that partial redaction under Federal Rule of Civil Procedure 5.2(a) would be ineffective and impractical. The Court also finds public exposure to this highly private financial information would be unnecessarily invasive and could lead to misuse or identity theft.

IT IS THEREFORE ORDERED AND ADJUDGED that the motion for leave to file documents under seal [38] is hereby GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that, because Exhibits 1-1, 1-2 and 1-3 to Chad Bridges's motion to modify and/or dissolve preliminary injunction [36] contain highly sensitive personal financial information and personal identifiers, the items will be filed under seal.

The parties are directed to deliver copies of their to-be-sealed filings to the Clerk for docketing in a sealed envelope, along with a copy of this Order and a Notice of Conventional Filing. The documents to be placed under seal may be submitted to the Clerk's office on a CD in PDF form. The PDF documents must be under 35MB. The parties are likewise directed to provide filed copies of all sealed documents to counsel opposite. [1]

IT IS FURTHER ORDRED AND ADJUDGED that the Clerk of the Court is hereby directed to seal Exhibits 1-1, 1-2 and 1-3.

---

[1] Items docketed as restricted or sealed are only visible to Court personnel. The public and case participants will not be able to view these items on CMECF.

IT IS FURTHER ORDERED AND ADJUDGED that these documents shall remain under sealed status and be inaccessible to the public until further order of the Court.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE