UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

-----------------------------------------------------------------------X

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union,

Plaintiff,

v.

LEIGH BRIDGES, CHAD BRIDGES, and TINA FUNEZ,

Defendants.

Case No.: 3:26-cv-343-DPJ-RPM
Hon. Daniel P. Jordan
Hon. Robert P. Myers, Jr.

-----------------------------------------------------------------------X

**DECLARATION OF ETHAN MEYER**

I, Ethan Meyer, declare pursuant to 28 U.S.C. § 1746 the following to be a true and correct:

1. I am a Problem Case Offer at the National Credit Union Administration ("NCUA"), headquartered at 1775 Duke Street, Alexandria, Virginia 22314. The NCUA is an executive branch federal agency statutorily responsible for regulating, supervising, and insuring the accounts of credit unions, which are financial institutions analogous to banks. As part of implementing its statutory duties, the NCUA examines credit unions to evaluate their compliance with law and regulation.

2. I am a Problem Case Officer assigned to handle matters involving Jackson Area Federal Credit Union (JAFCU). As part of my duties as Problem Case Officer, I request and review documents provided by credit union staff and their various vendors. I was asked by NCUA's Office of General Counsel to review documents provided to that office by The Standard. The Standard is the organization that is responsible for administering the JAFCU employee 401k

plan ("the Plan"). The statements in the paragraphs below are based on my personal knowledge, information from records from the Standard, and my own review of those records.

3. Leigh Bridges is a co-trustee of the Plan. As a trustee, Leigh Bridges had authority to manage and control Plan assets, among other powers.

4. No later than 2020, JAFCU began making a "profit sharing" contribution to the Plan for certain JAFCU employees, including Leigh Bridges, as a percentage of each employee's salary. Leigh Bridges received a "profit sharing" contribution of 20% to the Plan for her personal benefit from at least 2020 until the time her employment was terminated in 2026. This amount was in addition to the 3.5% match that she received during that time pursuant to a Qualified Automatic Contribution Arrangement.

5. Taking into account the percentages identified in paragraph 4, JAFCU contributed 23.5% of Leigh Bridges salary to the Plan for her personal benefit each year since at least 2020. This contribution is in addition to the amounts that Leigh Bridges designated to be transmitted to the Plan directly from her salary.

6. Leigh Bridges' salary from JAFCU was $215,642.82 in 2025. Every year since 2021, the year that she became JAFCU's CEO, her salary increased no less than $18,000 per year.

7. The total contributions to the Plan on Leigh Bridges' behalf for the years 2020 through 2025 are $377,590.28, exclusive of any investment gain on those contributions.

8. JAFCU records and the work of NCUAB's forensic accountants show that beginning no later than 2014 and continuing until 2026, Leigh Bridges was misappropriating significant amounts of money from JAFCU's general ledger.

ETHAN MEYER

Digitally signed by ETHAN MEYER
Date: 2026.09.22 16:18:49 -05'00'

Ethan Meyer
Problem Case Officer
National Credit Union Administration