UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

--------------------------------------------------------------------X

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as liquidating agent of Jackson Area Federal Credit Union,

Plaintiff,

v.

LEIGH BRIDGES, CHAD BRIDGES, and TINA FUNEZ,

Defendants.

Case No.: 3:26-cv-343-DPJ-RPM
Hon. Daniel P. Jordan
Hon. Robert P. Myers, Jr.

--------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM CONCERNING DEFENDANTS' MOTIONS TO MODIFY PRELIMINARY INJUNCTION**

Plaintiff, the National Credit Union Administration Board ("NCUAB"), acting in its capacity as liquidating agent of Jackson Area Federal Credit Union ("JAFCU"), submits the following memorandum of law in support of its motion for leave to file a supplemental memorandum of law concerning Defendant Chad Bridges' Urgent and Necessitous Motion to Dissolve and/or Modify Preliminary Injunction, ECF No. 36, and Defendant Leigh Bridges' Motion to Amend or Modify the Preliminary Injunction, ECF No. 50.

## ARGUMENT

The NCUAB seeks to file a supplemental memorandum addressing the accessibility of Leigh Bridges' and Chad Bridges' funds in their retirement accounts, ECF Nos. 36, 50. Pertinently, even if the Court rules that the Bridges retirement accounts are not subject to the NCUAB attachment of assets under 12 U.S.C. § 1787(b)(2)(G), the withdrawn funds will still be

subject to the asset freeze on all of the Bridges' accounts. As explained in the proposed supplemental memorandum, the case law is clear that funds in a retirement account protected under ERISA or a similar state law lose their protection from creditors once those funds leave the retirement account. Any early withdrawals from the retirement accounts will therefore become frozen upon entering any other account of the Bridges, as all other accounts are frozen under the preliminary injunction. Because that point has relevance to whether it is necessary for the Court to decide the issue as framed in the motions to modify the preliminary injunction, the NCUAB requests permission to submit its supplemental memorandum.

"This court has discretion to grant or deny a request for additional briefing." *Univ. of Mississippi Med. Ctr. v. Sullivan*, No. 3:19-CV-00459-CWR-LGI, 2021 WL 5414301, at *1 (S.D. Miss. Oct. 7, 2021). The NCUAB submits that its motion for leave should be granted because the supplemental memorandum explains why it is unnecessary for the Court to decide whether § 1787(b)(2)(G) can attach to retirement accounts. Importantly, "federal courts [must] determine specific disputes between parties, rather than hypothetical legal questions, and in doing so, conserve judicial resources." *Texas v. Travis Cnty.*, 272 F. Supp. 3d 973, 980 (W.D. Tex. 2017), *aff'd* 910 F.3d 809 (5th Cir. 2018); *see Whitehouse Hotel Ltd. P'ship v. Comm'r*, 615 F.3d 321, 343 (5th Cir. 2010) ("Federal courts . . . lack jurisdiction to render merely advisory opinions beyond the rulings necessary to resolve a dispute.") (Garza, J., concurring).

The Court cannot grant the relief the Bridges want—the release of currently frozen funds—by deciding whether § 1787(b)(2)(G) allows the NCUAB to attach the Bridges retirement accounts—the issue the Bridges have asked the Court to decide. If the motions to modify the preliminary injunction to permit the Bridges to withdraw from their retirement account are granted, the prejudgment attachment would encumber those withdrawn funds—even

if "untainted"—because § 1787(b)(2)(G) can be used to attach the assets of "any person designated by the Board" even if she or he did not commit fraud against the credit union. *See NCUAB v. Jurcevic*, 867 F.3d 616, 623 (6th Cir. 2017) (alleging loan default and unjust enrichment); *FDIC v. Garner*, 125 F.3d 1272, 1278 (9th Cir. 1997) (alleging breach of fiduciary duty and negligence). If the motions to modify the preliminary injunction to permit the Bridges to withdraw from their retirement account are denied, the Bridges may still request that the Court permit them to utilize frozen funds, and the Court would then be required to weigh the relevant factors. *See FTC v. Am. Tax Serv. LLC*, No. 2:25-CV-01894-GMN-EJY, 2025 WL 3564724, at *2 (D. Nev. Dec. 11, 2025) (setting out five relevant factors). The points in the supplemental memorandum are thus highly relevant to whether the proper issue is before the Court.

Although the points in the supplemental memorandum could be raised in a motion by the NCUAB in the event the Court permits the Bridges to access their retirement accounts, judicial economy is lost if the Court unnecessarily decides whether § 1787(b)(2)(G) allows the NCUAB to attach the Bridges retirement accounts. Because the Bridges' arguments in their motions assumed deciding this issue was necessary, the NCUAB did not raise the points now raised in the supplemental memorandum in its oppositions. Moreover, the points addressed in the supplemental memorandum were not fully understood by NCUAB counsel until conducting legal research in preparing for the court-ordered settlement conference. Nevertheless, the relevance of the points to the Court's decision warrants briefing on the argument at this time.

To the extent the Court considers the argument untimely, the NCUAB submits that the argument could be raised in a motion for reconsideration. Because an order modifying a preliminary injunction is an interlocutory order, any motion for reconsideration would be controlled by the standard under Rule 54(b). *Osorio v. Martin*, No. 5:25-CV-1191-DAE, 2026

WL 326712, at *2 (W.D. Tex. Jan. 6, 2026) (citing *Byrum v. Landreth*, 566 F.3d 442, 449 (5th Cir. 2009). Unlike reconsideration under Rule 59(e), "Rule 54(b)'s approach can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgment as justice requires." *Christian v. City of Canton, Mississippi*, No. 3:25-CV-824-KHJ-MTP, 2026 WL 1537189, at *1 (S.D. Miss. June 1, 2026) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017)). Therefore, "a court conducting a Rule 54(b) inquiry may consider new arguments that could have been previously raised." *Cole v. Oceaneering Int'l, Inc.*, 681 F. Supp. 3d 568, 575 (E.D. La. 2023) (*McClendon v. United States*, 892 F.3d 775, 781-82 (5th Cir. 2018). The Court should therefore consider the points in the supplemental memorandum, even if determined to contain new arguments, because new arguments may be brought in a motion under Rule 54(b) if the Court grants the Bridges' motions.

To the extent that the Bridges wish to file a response to the supplemental memorandum on the ground that "the movant is generally entitled to file the last pleading[,]" *Sullivan*, 2021 WL 5414301, at *1, the NCUAB does not object to the filing of response briefs. The NCUAB's reason for seeking to file a supplemental memorandum is not to get the last word, but rather to alert the Court to an issue highly relevant to its decision on the motions to modify the preliminary injunction. Accordingly, the NCUAB requests permission to file its supplemental memorandum.

**CONCLUSION**

For the reasons explained above, the NCUAB requests leave to file the supplemental memorandum attached to the motion for leave to file.

Respectfully submitted,

November 4, 2026

*/s/ Alysson Mills*

Alysson Mills, Mississippi Bar No. 102861

650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
t/f: 504-586-5253
alysson@alyssonmills.com

*Counsel for Plaintiff*
NATIONAL CREDIT UNION ADMINISTRATION BOARD,
acting in its capacity as conservator of JACKSON AREA FEDERAL CREDIT UNION

CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

*/s/ Alysson Mills*

Alysson Mills