UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:26-cv-343-DPJ-RPM**

**LEIGH BRIDGES, CHAD BRIDGES and TINA FUNEZ** **DEFENDANTS**

---

## CHAD BRIDGES' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM

---

Defendant Chad Bridges ("Chad") files this Response to Plaintiff's Motion for Leave to File a Supplemental Memorandum Concerning Defendants' Motions to Modify Preliminary Injunction [Doc 60], as follows:

1. Briefing on Chad's Urgent and Necessitous Motion to Dissolve and/or Modify Preliminary Injunction [Doc 36] closed with Chad's Reply. Doc 52. National now seeks leave to file a supplemental memorandum [Doc 60-1] advancing an argument it did not make in its opposition [Doc 48]: that even if 12 U.S.C. § 1787(b)(2)(G) does not permit a prejudgment attachment of Chad's retirement accounts, any funds Chad withdraws from them will become "re-frozen" the moment he receives them, so the Court "need not decide" the § 1787 issue at all. Doc 60-1 at 5.

2. Chad disagrees with National's new argument. Among other things, (a) the ERISA decisions on which National relies have no application to Chad's accounts,

because neither his IRA nor his state deferred-compensation plan is governed by ERISA, and none of those decisions involved a prejudgment freeze; (b) Mississippi law exempts not only the assets "held in" a retirement plan but also the "monies payable to the participant . . . from" it, Miss. Code Ann. § 85-3-1(e), and funds that remain traceable to that exempt source retain their exempt character after withdrawal; and (c) the release of funds for living expenses and attorney's fees is governed by *FSLIC v. Dixon*, 835 F.2d 554 (5th Cir. 1987)—which Chad has already addressed, Docs 37, 52—not by the unpublished out-of-circuit order on which National relies.

3. If the Court grants National leave to file its supplemental memorandum, fairness requires that Chad be permitted to respond to the new argument it presents. Chad is therefore filing, contemporaneously with this Response, a separate Motion for Leave to File Supplemental Memorandum in Opposition, to which his proposed supplemental memorandum is attached as Exhibit A.

WHEREFORE, Chad respectfully requests that, should the Court grant National's Motion for Leave [Doc 60], the Court also grant Chad's Motion for Leave and consider his supplemental memorandum in opposition in ruling on his Motion to Dissolve and/or Modify Preliminary Injunction [Doc 36].

RESPECTFULLY SUBMITTED, this the 24th day of November, 2026.

**CHAD BRIDGES**

By: *_/s/ W. Thomas McCraney, III_*
W. Thomas McCraney, III

**OF COUNSEL:**

W. Thomas McCraney, III (MS Bar No. 10171)
William M. Quin II (MS Bar No. 10834
Sean R. Guy (MS Bar No. 100362
W. Richard Newman, V (MSB # 107204)
**McCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
tmccraney@mmqnlaw.com
wquin@mmqnlaw.com
sguy@mmqnlaw.com
rnewman@mmqnlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

This the 24th day of November, 2026.

*_/s/ W. Thomas McCraney, III_*
W. Thomas McCraney, III