**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its capacity as conservator of Jackson Area Federal Credit Union,** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:26-cv-343-DPJ-RPM**

**LEIGH BRIDGES, CHAD BRIDGES and TINA FUNEZ,** **DEFENDANTS**

---

# CHAD BRIDGES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY, CLARIFY, AND ENFORCE PRELIMINARY INJUNCTIONS

---

Defendant Chad Bridges ("Chad") files this Response in Opposition to Plaintiff's Motion to Modify, Clarify, and Enforce Preliminary Injunctions [Doc 53], as follows:

1. Plaintiff National Credit Union Administration Board ("National") asks the Court to rewrite the Preliminary Injunction in five ways: (1) to bar every Defendant from using frozen funds for living expenses until he or she proves the use is "absolutely necessary"; (2) to require each Defendant to "reimburse" National for any frozen funds used for living expenses—including, expressly, out of retirement accounts the Court may later release; (3) to declare Chad's accrued leave from his former State employment frozen "property"; (4) to compel the turnover of gift cards; and (5) to require an inventory of personal property. Doc 54 at 6–17. Most of the motion concerns conduct attributed to Leigh Bridges ("Leigh")—the redemption of credit-card points for gift cards and the spending of them. *Id.* at 5–6.

2. As to Chad, the motion is more notable for what National concedes. It concedes that Chad has lost his State employment, that his only income is $235 per week in unemployment benefits, and that "all of Chad Bridges' accounts are frozen." *Id.* at 3–4. It concedes that *FSLIC v. Dixon*, 835 F.2d 554 (5th Cir. 1987), governs the release of frozen funds for living expenses and fees, and that *Dixon* asks whether a defendant can pay "from new or exempt assets." Doc 54 at 7, 9. And it describes the Defendants' retirement accounts as "exempt property" that they may eventually be "permitted to access." *Id.* at 9–10. Those concessions cannot be squared with the positions National has taken in opposing the release of Chad's IRA and MDC Plan. They confirm that the Court should release those accounts, permit Chad to use them for reasonable living expenses and attorney's fees, and deny National's request to convert exempt retirement savings into a "reimbursement" fund for National. And because a ruling on Chad's pending motion [Doc 36] will resolve or substantially narrow most of what National seeks as to Chad, the Court should decide that motion first.

3. For the reasons more fully explained in Chad's accompanying Memorandum Brief, National's Motion should be deferred until after the Court rules on Chad's pending Motion and/or denied as moot as to Chad.

RESPECTFULLY SUBMITTED, this the 24th day of November, 2026.

**CHAD BRIDGES**

By: */s/ W. Thomas McCraney, III*
W. Thomas McCraney, III

**OF COUNSEL:**

W. Thomas McCraney, III (MS Bar No. 10171)
William M. Quin II (MS Bar No. 10834
Sean R. Guy (MS Bar No. 100362
W. Richard Newman, V (MSB # 107204)
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
tmccraney@mmqnlaw.com
wquin@mmqnlaw.com
sguy@mmqnlaw.com
rnewman@mmqnlaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

This the 24th day of November, 2026.

*/s/ W. Thomas McCraney, III*
W. Thomas McCraney, III